IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BEVERLY R. KRUSE, | ) | Case No. 4:05 CV 3244 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **STIPULATED PROTECTIVE ORDER** |
| | ) | |
| PEGLER-SYSCO FOOD SERVICES COMPANY, | ) ) | |
| | ) | |
| Defendant. | ) | |

All parties having agreed that a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure is both necessary and appropriate, and the Court having approved of such an agreement,

IT IS HEREBY ORDERED THAT:

The parties' stipulated protective order, filing 34, is approved and,

1. All Confidential Information produced or exchanged in the course of this litigation shall be treated as confidential and used solely for the purpose of this litigation. Except for information that is privileged communication between an attorney and any party as client, is work product or is otherwise objectionable, all information requested that is discoverable under FED.R.CIV.P. 26(b) shall be produced even though designated as Confidential Information.

2. "Confidential Information" as used herein means any information which is designated as confidential by any party to this litigation, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise. In designating information as confidential, the party will make such designation only as to that information that it in good faith believes contains information that has been or should have been retained in confidentiality.

3.       "Qualified Person" as used herein means:

   (a)    Attorneys of record in this litigation and employees of such attorneys to whom it is necessary that Confidential Information be disclosed for purposes of this litigation.

   (b)    Secretaries, law clerks and/or legal assistants of such counsel of any party working directly on this litigation.

   (c)    Plaintiff and Defendant;

   (d)    Employees and agents of the Plaintiff and Defendant who have a specific need to know the Confidential Information for purposes of this litigation.

   (e)    A person retained or employed by any party or its attorneys of record in this litigation solely for the purpose of this litigation (such as technical experts, consultants, witnesses, or prospective witnesses).  Any such person must have been identified in writing to the other party, and, prior to the receipt of the materials designated as confidential by a party, having executed an agreement in the form of Exhibit "A" attached hereto.  Such executed agreements shall be held by the party retaining or utilizing such person, and a copy thereof shall be provided to counsel for each party.

   (f)    Any other person who is designated as a Qualified Person by stipulation of the parties or Order of this Court, after notice to all parties.

4.       Documents produced by any party may be designated as Confidential Information by marking "CONFIDENTIAL" on at least the initial page thereof.  In lieu of marking the original of a document, the party may mark the copies that are produced or exchanged.

5. Information disclosed at the deposition of a party; or one of its present or former officers, directors, employees, agents; or experts retained by a party for purposes of this litigation may be designated by any party as Confidential Information by indicating on the record at the deposition, or in writing within fifteen (15) days thereafter, that the testimony is confidential and subject to the provisions of this Order.

6. Confidential Information shall not be made available in any manner to any person other than Qualified Persons or any person who is the proprietor or source of the Confidential Information.

7. This Order shall not prevent the disclosure of Confidential Information if the party designating the information as Confidential Information expressly consents to such disclosure, either in writing or in the record of any proceeding in this case, or if the Court after notice to all parties, orders such disclosure. Such express consent or order shall not extend to any Confidential Information except that specifically involved.

8. No party shall be obligated to challenge the propriety of a confidentiality designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any party disagrees at any stage of these proceedings with the designation by any other party of any information as confidential, the parties shall try first to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party may seek appropriate relief from this Court. The parties may by stipulation provide for exceptions to this Order, and any party may seek an Order of this Court modifying this Protective Order. This Order shall be without prejudice to any party bringing before the Court at any time the question of whether any particular information is or is not in fact Confidential Information. Upon such hearing the party asserting that

any particular information is Confidential Information shall have the burden of establishing same. Nothing shall be regarded as Confidential Information if it is information that:

    (a)    was, is, or becomes public knowledge, not in violation of this Order;

    (b)    was or is acquired from a third party lawfully possessing such information and/or having no obligation with regard to its disclosure; or

    (c)    was previously known to the receiving party or is developed independently by the receiving party.

9.    All transcripts of depositions, exhibits, responses to interrogatories or requests for admissions, affidavits, briefs, memoranda of law, or other documents filed with the Court pursuant to this action which reproduce or otherwise disclose Confidential Information shall be filed in sealed envelopes or other containers on which shall be endorsed the title of this action, an indication of the general nature of the contents of such sealed envelope or other container, and a statement substantially in the following form:

**CONFIDENTIAL**

**This envelope or container contains documents, materials, or tangible things filed in this case by (name of party), and is not to be opened, nor the contents thereof displayed or revealed except by Order of Court.**

10.    The clerk of this Court is directed to maintain under seal all transcripts of depositions, exhibits, responses to interrogatories or requests for admissions, affidavits, briefs, memoranda of law, or other documents filed with the Court in the manner specified in paragraph 9.

4

11. Within sixty (60) days after the conclusion of this case, including the exhaustion of any appeals, any originals or reproductions of any confidential documents produced by a party shall be destroyed or returned to the producing party, at the option of the party designating such information as confidential. Insofar as the provisions of any protective orders entered in this action restrict the communication and use of the documents produced thereunder, such orders shall continue to be binding after the conclusion of this litigation except

    (a) that there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal); and

    (b) that a party may seek the written permission of the producing party or further order of the Court with respect to dissolution or modification of such protective orders.

12. Nothing in this Order shall bar or otherwise restrict any attorney herein from rendering advice to his client with respect to this litigation and, in the course thereof, referring to or relying upon his examination of Confidential Information produced or exchanged herein; provided, however, that in rendering such advice and in otherwise communicating with his clients, the attorney shall not disclose any Confidential Information produced by any other party herein which disclosure would be contrary to the terms of this Order.

Dated this 29th day of August, 2006

                                  BY THE COURT

                                  s/ *David L. Piester*
                                  David L. Piester
                                  United States Magistrate Judge

ACCEPTED AND AGREED TO:

                                                        REMBOLT LUDTKE LLP

Dated: August 25, 2006          By:    s/s Mark A. Fahleson\_\_\_\_\_
                                                             Mark A. Fahleson (#19807)
                                                             1201 Lincoln Mall, Suite 102
                                                             Lincoln, NE 68508
                                                             (402) 475-5100
                                                            ATTORNEYS FOR DEFENDANT
                                                            PEGLER-SYSCO FOOD SERVICES COMPANY,

                                                            SHIFFERMILLER LAW OFFICE

Dated: August 25, 2006          By:    s/s Joy Shiffermiller_____
                                                             Joy Shiffermiller
                                                             3930 South Street, #101
                                                            Lincoln, NE 68506
                                                            (402) 484-7700
                                                            ATTORNEY FOR PLAINTIFF BEVERLY KRUSE

## **EXHIBIT "A"**

### AGREEMENT TO COMPLY WITH PROTECTIVE ORDER

    I hereby acknowledge receipt of materials or information alleged to be confidential by _____.  I certify my understanding that such material is provided to me pursuant to the terms and restrictions of the Court Order of _____, 2006, Case No. 4:05 CV 3244, *Beverly R. Kruse v. Pegler-Sysco Food Services Company*,  in the United State District Court for the District of Nebraska, and that I have been given a copy of and have read said Order.  I understand that I am to make no copies of any of the aforesaid documentary material and that it is to remain in my personal custody until I have completed my assigned duties, whereupon it is to be returned to counsel who provided me with said material.  I further agree to notify any stenographic or clerical personnel who are required to assist me in terms of said Order.  I also agree not to disseminate such information, except for purposes of this action and as permitted by said Order or a further order of this Court.

Dated: _____       Signed: _____

                                                             Name Printed:_____

L:\PIESTER\CAR\Public\Proposed Orders\Kruse-Stipulated Protective Order.wpd